Gonzalez v DOLP 205 Props. II, LLC (2022 NY Slip Op 03868)

Gonzalez v DOLP 205 Props. II, LLC

2022 NY Slip Op 03868

Decided on June 14, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 14, 2022

Before: Webber, J.P., Gesmer, Oing, Singh, Kennedy, JJ. 

Index No. 158194/14 Appeal No. 16128 Case No. 2020-04948 

[*1]Christian Gonzalez, Plaintiff-Respondent,
v
DOLP 205 Properties II, LLC et al., Defendants-Appellants-Respondents.
DOLP 205 Properties II, LLC et al., Third-Party Plaintiffs-Appellants-Respondents,
v
Amick Construction Corp., Third-Party Defendant-Respondent-Appellant.

Fabiani Cohen & Hall LLP, New York (Allison A. Snyder of counsel), for appellants-respondents.
Perry, Van Etten, Rozanski & Kutner, LLP, New York (Kenneth J. Kutner of counsel), for respondent-appellant.
Gorayeb & Associates, P.C., New York (Jonathan D. Moran of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about November 20, 2020, which, to the extent appealed from, granted plaintiff's motion for summary judgment as to liability on his Labor Law § 240(1) claim, and granted defendant DOLP 205 Properties II LLC's (DOLP) motion for summary judgment dismissing the common-law negligence and Labor Law § 200 claims against it and on its claims against third-party defendant Amick Construction Corp. for contractual indemnification and breach of contract for failure to procure insurance, unanimously modified, on the law, plaintiff's motion denied and DOLP's motion denied to the extent it sought summary judgment on its claim against Amick for breach of contract for failure to procure insurance, and otherwise affirmed, without costs.
To prevail on a Labor Law § 240(1) claim, a plaintiff must demonstrate the existence of an elevation-related hazard contemplated by the statute and that the failure to provide an appropriate safety device proximately caused injury (Berg v Albany Ladder Co., Inc., 10 NY3d 902, 904 [2008]).
Here, given the nature of the work plaintiff was performing at the time of his accident, the distance he fell presented a physically significant elevation within the meaning of Labor Law § 240(1) (see Gatto v Clifton Park Senior Living, LLC, 90 AD3d 1387, 1387-1388 [3d Dept 2011]). While the distance may have been physically significant within the meaning of Labor Law § 240(1), evidence that plaintiff's boss, Dario Cabanas, specifically instructed him to only work on ground level and not to use stilts "raises triable issues of fact as to whether plaintiff's duties were expressly limited to work that did not expose him to an elevation-related hazard within the purview of Labor Law § 240(1)" (Orellana v Mo-Hak Assoc., LLC, 183 AD3d 451, 452 [1st Dept 2020]; see Vega v Renaissance 632 Broadway, LLC, 103 AD3d 883, 885 [2d Dept 2013]). Further, issues of fact and credibility exist as to whether any such orders were subsequently "superseded" by instructions from Cabanas's alleged assistant, "Julio," given Cabanas's affidavit stating that he did not remember any such person on the job and he did not delegate authority to any such person.
Issues of fact also exist as to whether plaintiff was the sole proximate cause of the accident because when he felt the stilts become unstable his "normal and logical response" should have been to request another pair rather than to keep working on them (Montgomery v Federal Express Corp., 4 NY3d 805, 806 [2005]; see Robinson v East Med. Ctr., LP, 6 NY3d 550, 554-555 [2006]; cf. Miro v Plaza Constr. Corp., 9 NY3d 948 [2007], revg 38 AD3d 454 [1st Dept 2007] [where ladder the plaintiff was using became partially covered with fireproofing material, which caused him to slip, because it was unclear whether different ladder was available, issue of fact whether failure to request different ladder was sole proximate cause]). While plaintiff testified that [*2]he asked an unidentified individual, whom he asserted was in charge of work on the floor and had directed him where to work, for another pair of stilts, he testified elsewhere that only Cabanas and "Julio" gave him any instructions on that day, raising issues of fact regarding his credibility and whether he indeed requested another pair of stilts.
While it is disputed whether plaintiff was using his own stilts or his employer provided them, and it is further unclear whether the stilts failed because a screw came out while they were in use or because they had been jerry-rigged with a wire threaded through a bolt hole, any use of defective stilts or failure to properly inspect them to discern any such defect was not the sole proximate cause of the accident where, as here, no proper safety devices were provided (DeRosa v Bloomingdale's Inc., 120 AD3d 41, 45 [1st Dept 2014]). Scaffolds were not available to plaintiff where they were in use by other workers (see id. at 46-47), and while ladders were available, no party points to any evidence contradicting plaintiff's testimony that they were not appropriate for the job. Plaintiff was not required to search the construction site for any additional scaffolds (Cherry v Time Warner, Inc., 66 AD3d 233, 238 [1st Dept 2009]), which, in any event, DOLP merely speculates might have been available elsewhere (see Messina v City of New York, 148 AD3d 493, 494 [1st Dept 2017]).
The court properly dismissed the common-law negligence and Labor Law § 200 claim against DOLP and granted it summary judgment on its contractual indemnification claim against Amick. Initially, neither plaintiff nor Amick opposed dismissal of the common-law negligence and Labor Law § 200 claims against DOLP and plaintiff has not appealed from dismissal of those claims. Accordingly, they should not be reinstated (see Rodriguez v Heritage Hills Socy., Ltd., 141 AD3d 482, 483 [1st Dept 2016]). In any event, Amick's contention that issues of fact exist as to DOLP's negligence is unavailing. Where, as here, injury results from the means and methods of the work, an owner can only be found to be negligent if it exercised actual supervision or control over the work (Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144 [1st Dept 2012]; Burkoski v Structure Tone, Inc., 40 AD3d 378, 380-381 [1st Dept 2007]). Contrary to Amick's contention, mere authority to supervise or control work is insufficient (Burkoski, 40 AD3d at 381). Further, because DOLP was not negligent, it is not precluded from seeking contractual indemnification (cf. General Obligations Law § 5-322.1; Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co., 89 NY2d 786, 795 [1997]).
Nor must adjudication of the contractual indemnification claim await a determination of Amick's negligence.
The indemnification provisions in both Amick's agreement with the general contractor and directly in favor of DOLP and its affiliates do not contain a negligence trigger. Specifically, the provision in [*3]the agreement with the general contractor required Amick to indemnify, inter alia, DOLP for damages for personal injuries "arising out of or in connection with or as a consequence of the performance of the Work" by Amick or its subcontractor regardless of "whether caused in whole or in part by" Amick or its subcontractor (see Gomes v Vornado 640 Fifth Ave. L.L.C., 195 AD3d 486 [1st Dept 2021]; cf. Burlington Ins. Co. v NYC Tr. Auth., 29 NY3d 313, 324 [2017]). Moreover, the indemnification agreement directly in favor of DOLP and its affiliates does not purport to indemnify DOLP for its own negligence but rather only requires indemnification "[t]o the fullest extent permitted by law," which contemplates indemnification only to the extent DOLP was not negligent and therefore does not run afoul of General Obligations Law § 5-322.1 (see Brooks v Judlau Contr., Inc., 11 NY3d 204, 210 [2008]).
However, the court should not have granted DOLP summary judgment on its claim against Amick for breach of contract for failure to procure insurance. To the extent Amick had no written indemnity agreement with plaintiff's employer, as its policy required to provide coverage here, it breached its obligation to procure insurance in favor of DOLP. Nevertheless, despite any such breach, summary judgment on the claim was premature because DOLP has not demonstrated that it has sustained a loss as a result thereof (Kwoksze Wong v New York Times Co., 297 AD2d 544, 547-548 [1st Dept 2002]; see Souare v Port Auth. of N.Y & N.J., 125 AD3d 494, 495 [1st Dept 2015]). 
 THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 14, 2022