| **Hasan v Macerich Co.** |
|---|
| 2024 NY Slip Op 30895(U) |
| March 19, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 151984/2020 |
| Judge: Paul A. Goetz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  __HON. PAUL A. GOETZ__        PART        47

_Justice_

-----------------------------------------------------------------------X

MOHAMMED HASAN,

                         Plaintiff,

                - v -

THE MACERICH COMPANY, MACERICH QUEENS
CENTER LIMITED PARTNERSHIP, MACERICH
PROPERTY MANAGEMENT COMPANY, THE MACERICH
PARTNERSHIP, L.P., THE CADILLAC FAIRVIEW
CORPORATION LIMITED, M.A.C. COSMETICS, INC.,

                        Defendants.

-----------------------------------------------------------------------X

THE MACERICH COMPANY, MACERICH QUEENS CENTER
LIMITED PARTNERSHIP, MACERICH PROPERTY
MANAGEMENT COMPANY, THE MACERICH
PARTNERSHIP, L.P., THE CADILLAC FAIRVIEW
CORPORATION LIMITED, M.A.C. COSMETICS, INC.

                        Plaintiffs,

                -against-

ABC IMAGING, INC.

                        Defendant.

-----------------------------------------------------------------------X

THE MACERICH COMPANY, MACERICH QUEENS CENTER
LIMITED PARTNERSHIP, MACERICH PROPERTY
MANAGEMENT COMPANY, THE MACERICH
PARTNERSHIP, L.P., THE CADILLAC FAIRVIEW
CORPORATION LIMITED, M.A.C. COSMETICS, INC.

                        Plaintiffs,

                -against-

DEZAIO PRODUCTIONS, INC., A NEW JERSEY
CORPORATION

                        Defendants.

-----------------------------------------------------------------------X

**INDEX NO.**  151984/2020

**MOTION DATE**  07/18/2023, 07/21/2023

**MOTION SEQ. NO.**  002 003

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595502/2020

Second Third-Party
Index No.  595718/2021

151984/2020   HASAN, MOHAMMED vs. MACERICH COMPANY
Motion No.  002 003

Page 1 of 15

1 of 15

The following e-filed documents, listed by NYSCEF document number (Motion 002) 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 134, 160, 168, 174, 175, 176, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 245, 246, 248, 249, 254, 257, 258, 259, 260, 261, 262, 263, 264, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278

were read on this motion to/for _____ SUMMARY JUDGMENT(AFTER JOINDER_____.

The following e-filed documents, listed by NYSCEF document number (Motion 003) 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 161, 169, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 247, 250, 251, 252, 253, 255, 265, 266

were read on this motion to/for _____ JUDGMENT - SUMMARY _____.

In this Labor Law personal injury action, plaintiff Mohammed Hasan moves for summary judgment as to liability on his Labor Law § 240(1) claim as (MS #2) against defendants Macerich Property Management Company, LLC (i/s/h/a The Macerich Company, Macerich Property Management Company, The Macerich Partnership, L.P. and The Cadillac Fairview Corporation Limited); Queens Center SPE LLC (i/s/h/a Macerich Queens Center Limited Partnership); and M.A.C. Cosmetics Inc. (collectively "Defendants").

Third-party defendant, ABC Imaging Co. ("ABC") cross-moves (on MS #2) for summary judgment, dismissing plaintiff's Labor Law 240(1) claim. ABC also cross-moves for summary judgment seeking to dismiss the third-party claims for common law indemnity, contribution, contractual indemnity, and breach of contract for failure to procure insurance asserted against them by defendant / third-party plaintiffs.

Defendants / third-party plaintiffs separately move (MS #3) for summary judgment on their contractual indemnification, and breach of contract for failure to procure insurance claims asserted against ABC. They also move for summary judgment dismissing plaintiff's common law negligence, and violations of Labor Law § 200, 240(1), and 241(6) claims as against them.

## BACKGROUND

**151984/2020   HASAN, MOHAMMED vs. MACERICH COMPANY**
**Motion No.  002 003**

Page 2 of 15

Plaintiff was an employee of ABC, and was working on installing a temporary wall or barricade in from of the M.A.C. Cosmetics store at the Queens Center Mall on January 8, 2020 at approximately 1:30 AM (NYSCEF Doc 131 ¶ 1). Defendant, Queens Center SPE LLC i/s/h/a Macerich Queens Center Limited Partnership (hereinafter referred to as Queens Center SPE), was the owner of the Queens Center Mall located in Elmhurst, Queens, New York (NYSCEF Doc No 66 ¶ 4). Defendant, Macerich Property Management Company LLC (i/s/h/a The Macerich Company, Macerich Property Management Company, The Macerich Partnership, L.P. and The Cadillac Fairview Corporation Limited) was the property management company for the Queens Center Mall on January 8, 2020 (*id*. ¶ 2). Defendant MAC Cosmetics was a lessee of defendant Queens Center SPE (*id*. at ¶ 8) Defendant, The Macerich Partnership, L.P. entered into an agreement with Third-Party defendant ABC for the purpose of ABC installing barricades in front of tenants' stores in the Macerich Malls throughout the United States (NYSCEF Doc No 175 ¶ 5).

The temporary wall ran in front of the MAC store (NYSCEF Doc No 66 ¶ 13). At the top of the wall was a section known as a "Gerry board" and it was connected at the top of the temporary wall to the storefront (*id*.). To get his ladder in to position to install the Gerry boards plaintiff would wiggle his ladder to move it while he was standing on it, a practice he observed his supervisor Mohammed Juned also perform (*id*. at ¶ 19). No other equipment was offered to plaintiff other than the ladder (id. at ¶ 20). Plaintiff alleges that he was on the top rungs of a ladder, and while attempting to lift the Gerry board into place he fell from the ladder injuring himself (*id*. at ¶ 17).

Plaintiff asserts claims under common law negligence, and Labor Law § 200, 240(1), and 241(6) (NYSCEF Doc No. 1). Defendants / third-party plaintiffs assert claims against ABC for

**151984/2020   HASAN, MOHAMMED vs. MACERICH COMPANY**
**Motion No.  002 003**

**Page 3 of 15**

3 of 15

common law indemnity, contribution, contractual indemnity, and breach of contract for failure to procure insurance (NYSCEF Doc No 7).

## DISCUSSION

*Labor Law § 240(1)*

Labor Law 240(1) states that:

> All contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed

The statute was "designed to prevent those types of accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person" (*Hill v Stahl*, 49 AD3d 438, 442 [1st Dept 2008]). "To prevail on a Labor Law § 240(1) claim, a plaintiff must demonstrate the existence of an elevation-related hazard contemplated by the statute and that the failure to provide an appropriate safety device proximately caused injury" (*Gonzalez v DOLP 205 Properties II, LLC*, 206 AD3d 468, 469 [1st Dept 2022]). [A]n accident alone does not establish a Labor Law § 240(1) violation or causation [and] 'strict' or 'absolute' liability is necessarily contingent on a violation of section 240(1) (*Blake v Neighborhood Hous. Services of New York City, Inc.*, 1 NY3d 280, 289 [2003]). While, "comparative negligence is not a defense to absolute liability under the statute … there can be no liability under section 240(1) when … the worker's actions … are the "sole proximate cause" of the accident" (*id.* at 289-290).

**151984/2020   HASAN, MOHAMMED vs. MACERICH COMPANY**
**Motion No.  002 003**

**Page 4 of 15**

4 of 15

As a threshold matter, defendants first argue that Labor Law § 240(1) does not apply to defendants Macerich Property Management Company, The Macerich Company, The Cadillac Fairview Corporation Limited, Queens Center SPE LLC (i/s/h/a Macerich Queens Center Limited Partnership), and M.A.C. Cosmetics because pursuant to the terms of the statue, Labor Law § 240 only applies to "contractors and owners … who contract for … the work." (NYSCEF Doc 176 at 3). They further argue that only defendant, The Macerich Partnership, contracted for the work, but they too can not be found liable because they are not an owner of the property (*id.*)

However, the full section defendants rely on states "All contractors and owners and their agents*, except owners of one and two-family dwellings* who contract for but do not direct or control the work" (NY LABOR § 240[1]). The modifier defendants rely on only refers to owners of one or two-family dwellings. The purpose of this language is to exempt ownership liability to single and two-family homeowners, and not as defendants argue to exempt owners of large buildings who do not directly contract for the work (*Urquiza v Park and 76th St., Inc.*, 172 AD3d 518 [1st Dept 2019]). Indeed," Liability rests upon the fact of ownership and whether [defendants] had contracted for the work or benefitted from it are legally irrelevant" (*Gordon v E. Ry. Supply, Inc.*, 82 NY2d 555, 560 [1993]).

Here, defendant Queens Center SPE LLC (i/s/h/a Macerich Queens Center Limited Partnership), is the owner of the property and defendant Macerich Property Management Company, LLC (i/s/h/a The Macerich Company, Macerich Property Management Company, The Macerich Partnership, L.P. and The Cadillac Fairview Corporation Limited[1]) contracted with

---

[1] Defendants simultaneously refer to each named defendants as separate identities but also refer to the group of defendants being Macerich Property Management Company, LLC. Since defendant admits that Macerich Property Management Company, LLC is the property management company which managed the Queens Center Mall and refers to all parties as if they were agents of Macerich Property Management Company, LLC, the claims can not be dismissed against any of the named defendants.

**151984/2020   HASAN, MOHAMMED vs. MACERICH COMPANY**
**Motion No.  002 003**

**Page 5 of 15**

5 of 15

defendant third-party defendant ABC to have the barricade installed. Thus, all the named defendants are subject to liability under Labor Law § 240(1) as contractors, owners, and their agents.

Plaintiff argues that he is entitled to summary judgment on his Labor Law § 240(1) claim because the ladder provided to him was not tall enough for the work being performed, and that additional safety equipment should have been provided for the work. Plaintiff submits his own deposition testimony that while he was attempting to install a Gerry board at the top of the barricade, he had to lift the board above the ladder, and during that process he lost his balance and fell (NYSCEF Doc No 77 at 94:23 – 95:4). Plaintiff also submits an affidavit from a construction safety expert, Anthony Corrado (NYSCEF Doc No 92). Mr. Corrado opines that, "because the task necessitated [plaintiff] to reach forward and upward to connect the Gerry board to the storefront wall; and the type of work required him to use two hands to perform the task of attaching the Gerry board; and [plaintiff] could not access the highest point of work while using a 10-foot ladder[2]" that the ladder was not a safe device for the required work (NYSCEF Doc No 92 at p 3).

In opposition defendants argue that plaintiff has not established that the ladder was defective. Further they argue, that even if the protection provided was not adequate, the claim should be dismissed because plaintiff's testimony establishes that he his actions were the sole proximate cause of the accident. Defendants note that in his deposition, plaintiff admits that in order to move the ladder closer to the wall, plaintiff would wiggle the ladder while standing on

---

[2] While there is an issue of fact regarding the height of whether the ladder was 10 or 12 feet tall, Mr. Corrado also opined that "I add that a 12 foot ladder would likewise have been unsafe, as was the 10 foot one that was provided and my findings and opinions would be the same if the ladder had been 12-foot high, (NYSCEF Doc No 92 at p 4). Plaintiff has also submitted photographs which show that the ladder was clearly shorter than the height of the barricade (NYSCEF Doc No 258).

**151984/2020   HASAN, MOHAMMED vs. MACERICH COMPANY**
**Motion No.  002 003**

[* 6]

it, to inch it into a better position (NYSCEF Doc 77 at 101:4 – 103:15). Defendants argue that this use of the ladder was inappropriate and was the sole proximate cause of his fall.

Testimony that establishes that a ladder was "too short to enable [performance of the task] establishes prima facie that defendants failed to provide him with an adequate safety device under Labor Law § 240 (1) and that their failure proximately caused his injuries" (*Cuentas v Sephora USA, Inc.*, 102 AD3d 504 [1st Dept 2013]; *see also Ajche v Park Ave. Plaza Owner*, LLC, 171 AD3d 411, 413 [1st Dept 2019] [finding that testimony establishing that a worker was "standing on the second to the last rung [of a ladder], with his hands over his head toward the duct, which he could barely reach … establishes prima facie that the ladder did not provide proper protection for plaintiff"]). "Because the record is clear that the ladder did not prevent him from falling, his inability to identify the precise manner in which he fell is immaterial" (*id.*).

Here, plaintiff's testimony and the testimony of expert witness Mr. Corrado, establishes that the ladder was not tall enough to safely install the Gerry boards. Further, plaintiff's testimony establishes that he did not fall during the process of wiggling the ladder but rather, 30 seconds after he stopped repositioning the ladder, "when I tried to fix the gerry board, that's when I fell" (NYSCEF Doc No 77 at 108:11 – 108:12). Plaintiff has established that he was not provided with adequate safety equipment, and defendants have failed to create an issue of fact. Accordingly, he will be granted summary judgment as to liability on his Labor Law § 240(1) claim.

*Labor Law 241(6)*

Defendants also move for summary judgment on plaintiff's Labor Law § 241(6) claim. Plaintiff does not submit any opposition to this portion of the motion. However, defendants' arguments for dismissal are the same as they presented for dismissal of the Labor Law § 240(1)

**151984/2020   HASAN, MOHAMMED vs. MACERICH COMPANY**
**Motion No.  002 003**

Page 7 of 15

7 of 15

[* 7]

claim. Specifically, they argue that the statute can not apply to them because of the statute uses the same language as 240(1) stating "All contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, when constructing or demolishing buildings or doing any excavating in connection therewith, shall comply with the following requirements" (Labor Law § 241). As discussed above the exception does not apply to defendants.

Additionally, they argue that plaintiff was the sole proximate cause of his injury. However as discussed above plaintiff has submitted evidence establishing, he was not the sole proximate cause of the injury and thus the claim can not be dismissed on these grounds. Accordingly, defendants' motion for summary judgment on plaintiff's Labor Law § 241(6) claim will be denied.

*Labor Law § 200 and Common Law Negligence*

"Section 200 of the Labor Law is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work" (*Comes v New York State Elec. and Gas Corp.*, 82 NY2d 876, 877 [1993]). "Where the alleged defect or dangerous condition arises from the contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner under the common law or under Labor Law § 200" (*id.*).

Here, it is undisputed that the owner did not exercise any control over the operation and plaintiff does not submit opposition to this part of the motion. Accordingly, defendants will be granted summary judgment on plaintiff's Labor Law § 200 and common law negligence claims and the claims will be dismissed.

**151984/2020   HASAN, MOHAMMED vs. MACERICH COMPANY**
**Motion No.  002 003**

**Page 8 of 15**

8 of 15

*Timeliness of Cross-Motion*

As an initial matter, defendants / third-party plaintiffs object to third-party defendant, ABC's cross-motion for summary judgment as untimely. Pursuant to the status conference order dated March, 10, 2023 all dispositive motions were to be made no later than 60 days after the filing of the note of issue (NYSCEF Doc No 45). The Note of Issue was filed on May 25, 2023 making the deadline to file dispositive motions July 24, 2023 (NYSCEF Doc No 46). However a "cross motion for summary judgment made after the expiration of the [deadline for making dispositive motions] may be considered by the court, even in the absence of good cause, where a timely motion for summary judgment was made seeking relief nearly identical to that sought by the cross motion" (*Alonzo v Safe Harbors of the Hudson Hous. Dev. Fund Co., Inc.*, 104 AD3d 446, 448-49 [1st Dept 2013]).

Here, ABC cross moves on plaintiff's summary judgment motions seeking to dismiss plaintiff's Labor Law § 240(1) claim, and to dismiss defendants / third-party plaintiffs common law indemnity, contribution, contractual indemnity, and breach of contract for failure to procure insurance claims. It should be noted that defendants / third-party plaintiffs did not cross move on any of its third-party claims against ABC on plaintiff's summary judgment motion (MS #2). Defendants / third-party plaintiffs did however move for summary judgment in MS #3 on their contractual indemnification and breach of contract for failure to procure insurance claims. ABC could have but failed to separately cross-move on defendants / third-party plaintiffs' summary judgment motion (MS #3) seeking to dismiss the same claims. Notwithstanding this procedural defect, since MS #2 and MS #3 are being decided together, that portion of ABC's cross-motion on MS #2 seeking dismissal of the contractual indemnification and breach of contract for failure to procure insurance will be deemed timely and will be decided on the merits. However, since

**151984/2020   HASAN, MOHAMMED vs. MACERICH COMPANY**
**Motion No.  002 003**

**Page 9 of 15**

9 of 15

third-party plaintiffs did not move for summary judgment on their common law indemnity and contribution claims, there is no motion that is seeking "identical [relief] to that sought by the [cross-motion]" and thus that portion of the cross-motion is untimely and must be denied (*Alonzo*, 104 AD3d at 448-49).

*Contractual Indemnification*

"Entitlement to full contractual indemnification requires a clear expression or implication, from the language and purpose of the agreement as well as the surrounding facts and circumstances, of an intention to indemnify" (*Martins v Little 40 Worth Assoc., Inc.*, 72 AD3d 483, 484 [1st Dept 2010]). "A contractual indemnification provision must be strictly construed to avoid imposing a duty which the parties did not intend" (*Baginski v Queen Grand Realty, LLC*, 68 AD3d 905, 907 [2d Dept 2009]).

The contract between The Macerich Partnership, L.P and ABC (the "Barricade Agreement") contains an indemnification clause that provides:

> Contractor Indemnification. Except to the extent caused by Macerich's or Macerich Indemnitee's gross negligence or willful misconduct, or breach of this Agreement, Contractor agrees to defend, indemnify, and hold harmless Macerich, the owner(s) of the Center and Its management company, and The Macerich Company, and all owned, managed, controlled, non-controlled and subsidiary companies, corporations, entities, members, joint ventures, limited liability companies and partnerships and all of their constituent partners and members and such other entities as Macerich and any person or entity having an ownership or possessory interest in any portion of the Center (including, without limitation, lessors or tenants), and each of them, and each of their respective affiliates, partners, directors, officers, agents, employees, representatives, consultants, contractors, and insurers (collectively, "Macerich Indemnitee(s)"), utilizing legal counsel acceptable to Macerich, from and against any and all claims, damages, losses and expenses (including, without limitation, all fees and expenses of engineers, architects, attorneys, paralegals, experts and all court, arbitration or other dispute resolution costs), to the extent arising out of or resulting from any of the following: (i) any accident, injury, damage,

**151984/2020   HASAN, MOHAMMED vs. MACERICH COMPANY**                                      **Page 10 of 15**
**Motion No.  002 003**

10 of 15

fine, penalty or resulting costs whatsoever caused to any person or property arising directly out of the business conducted in or the use or occupancy of the Centers or occurring in on, from, or about the Centers or any part of them, or (ii) arising directly or indirectly from any violation of law, or the ADA, or (iii) the Barricades and (iv) any alleged or actual act or omission of Contractor or any concessionaire or their respective licensees, servants, agents, employees, or contractors, and from and against any and all costs, expenses, attorneys' fees and liabilities incurred in connection with any claims or proceedings brought.

ABC contends that while the Barricade Agreement states that "this Agreement shall commence on January 6, 2020 (the "Effective Date"), and shall terminate five (5) years later on December 31, 2024, unless sooner terminated as provided for herein", that since the Agreement was signed on March 2, 2020 it did not understand that the effective date was retroactive. Phillip Cockrell, the former Controller of ABC and the agent who signed the agreement for ABC testified that "when I look at a contract, I looked at the date it initiates, and it is a five-year agreement and did not notice that it says January 6th, which wouldn't make sense to me, I never heard of a retroactive contract, so it's not something that I was looking for" (NYSCEF Doc No 210 at 45:5 – 45:12). ABC argues that as the injury to plaintiff occurred on January 8th, 2020, it would not have agreed to the contract had it known of the agreement's retroactive effect.

"[W]hen interpreting an unambiguous contract term [e]vidence outside the four corners of the document is generally inadmissible to add to or vary the writing" (*R/S Assoc. v New York Job Dev. Auth.*, 98 NY2d 29, 33 [2002] [internal quotation marks removed]). "An indemnification 'clause in a contract executed after a plaintiff's accident may... be applied retroactively where evidence establishes as a matter of law that the agreement pertaining to the contractor's work was made as of [a pre-accident date], and that the parties intended that it apply as of that date'" (*Kolakowski v 10839 Assoc.*, 185 AD3d 427, 428 [1st Dept 2020] [internal

**151984/2020 HASAN, MOHAMMED vs. MACERICH COMPANY**
**Motion No. 002 003**

Page 11 of 15

11 of 15

quotation marks removed]; *see also Pena v Chateau Woodmere Corp.*, 304 AD2d 442 [1st Dept 2003] [finding that when a "retroactive term [in an indemnification provision] ... is clear and unambiguous on its face" then it should be applied from the stated date"]).

Here, the first term of the Barricade Agreement states:

1. TERM . The "Term" of this Agreement shall commence on January 6, 2020 (the "Effective Date"), and shall terminate five (5) years later on December 31, 2024, unless sooner terminated as provided for herein. Notwithstanding the foregoing, Macerich may terminate this Agreement, at any time during the Term, with or without cause, on thirty (30) days prior written notice thereof as to any Center or all Centers. Contractor shall have 60 days from the date of termination to remove the Barricades from the Center. Notwithstanding the foregoing, should Macerich require the removal of a Barricade sooner, Contractor shall remove the Barricade from the storefront within twenty-four (24) hours of the request, but Contractor shall continue to have sixty (60) days to remove the Barricade from the Center. For the avoidance of doubt, if Macerich requires the removal of a Barricade sooner, Contractor shall remove the Barricade from in front of the tenants space within twenty-four (24) hours of the request, but the Contractor shall still have 60 days to remove the taken down Barricade from the Center.

(NYSCEF Doc No. 195 at p 1).

The Barricade Agreement is clear and unambiguous on its face and the its meaning must be interpreted based on its unambiguous terms. Therefore, the commencement date of the Barricade Agreement was January 6, 2020 and ABC's motion for summary judgment will be denied based on this theory.

ABC also argues that the indemnity provision is invalid as it violates General Obligation Law § 5-321. General Obligations Law § 5-322.1 states:

a contract or agreement relative to the construction ... purporting to indemnify or hold harmless the promisee against liability for damage arising out of bodily injury to persons or damage to property contributed to, caused by or resulting from the negligence of the promise ... is against public policy and is void and unenforceable

151984/2020   HASAN, MOHAMMED vs. MACERICH COMPANY
Motion No. 002 003

Page 12 of 15

12 of 15

"[A] n agreement calling for full indemnification is void and unenforceable under General Obligations Law § 5–322.1 where the indemnitee is found to be at least partially negligent" (*Pardo v Bialystoker Ctr. & Bikur Cholim, Inc.*, 10 AD3d 298, 301 [1st Dept 2004]). "However, the statute does not bar enforcement of a contractual indemnity provision where the indemnitee was held strictly liable under Labor Law § 240(1) and there was no evidence of its negligence" (*Masciotta v Morse Diesel Intl., Inc.*, 303 AD2d 309, 312 [1st Dept 2003] [internal quotation marks removed]).

Here, the Barricade Agreement requires ABC to indemnify defendants / third-party plaintiffs for claims arising out the performance of ABC's work, except to the extent caused by defendant's gross negligence or willful misconduct. It is undisputed that the accident occurred during the performance of ABC's work as plaintiff was an ABC employee performing the work that was to be done under the Barricade Agreement. Further, since liability under Labor Law § 240(1) is strict liability and there is no evidence of direct negligence by defendants / third-party plaintiffs, the indemnity provision is triggered and ABC must defend and hold defendants / third-party plaintiffs harmless. Accordingly, summary judgment will be granted in defendants / third-party plaintiffs favor on their contractual indemnification claim against ABC.

*Breach of Contract for Failure to Procure Insurance*

A party seeking summary judgment based upon an alleged failure to procure insurance naming it as an additional insured must demonstrate that (1) a contract provision required such insurance must be procured and (2) the provision was not complied with (*Marquez v L & M. Dev. Partners, Inc.*, 141 AD3d 694 [2nd Dept 2016]).

ABC's insurance obligations in the Barricade Agreement state:

> Macerich, the owners of each of the Centers, The Macerich Company, and all owned, managed, controlled, non-controlled and

**151984/2020  HASAN, MOHAMMED vs. MACERICH COMPANY**
**Motion No.  002 003**

**Page 13 of 15**

13 of 15

subsidiary companies, corporations, entitles, joint ventures, limited liability companies and partnerships and all of their constituent partners and members shall be named as additional Insureds to the extent of the insurance limits prescribed in this section and to the extent of the indemnification obligations of Contractor described herein.

A defendant will be entitled to dismissal for failure to procure insurance where it establishes that it procured the requisite insurance (*Georges v Resorts World Casino New York City*, 189 AD3d 1549, 1551 [2d Dept 2020]).

Here, ABC has provided the Certificate of Insurance issued to the Macerich defendants (NYSCEF Doc No 239). Accordingly, ABC is entitled to dismissal of the breach of contract for a failure to procure insurance claim.

Based on the foregoing, it is

## CONCLUSION

ORDERED that the plaintiff's motion (MS #2) is granted on the issue of liability on his Labor Law § 240(1) claim; and it is further

ORDERED that the part of defendants' motion (MS #3) to dismiss plaintiff's common law negligence and Labor Law § 200 claims is granted; and it is further

ORDERED that the part of defendants' motion (MS #3) to dismiss plaintiff's Labor Law § 241(6) claim is denied; and it is further

ORDERED that the part of defendants/third party plaintiffs' motion (MS #3) for summary judgment on their contractual indemnification is granted as against third-party defendant ABC; and it is further

ORDERED that third-party defendant's cross motion (on MS # 2) to dismiss defendants/third party plaintiffs' breach of contract for a failure to procure insurance is granted

**151984/2020  HASAN, MOHAMMED vs. MACERICH COMPANY**
**Motion No. 002 003**

**Page 14 of 15**

14 of 15

and the claim is dismissed.

20240319163204PGOETZ16D28F3D17D634F1F981E64DC02299B50

| 3/19/2024 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **PAUL A. GOETZ, J.S.C.** | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER | |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

151984/2020   HASAN, MOHAMMED vs. MACERICH COMPANY
Motion No.  002 003

Page 15 of 15

15 of 15