## Segura-Hoyos v 110 William Prop. Invs. III, LLC

2025 NY Slip Op 32181(U)

June 20, 2025

Supreme Court, New York County

Docket Number: Index No. 151894/2020

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     <u>HON. PAUL A. GOETZ</u>                            PART                  47

                                             *Justice*

-----------------------------------------------------------------------------X

CARLOS SEGURA-HOYOS,

                            Plaintiff,

                            - v -

110 WILLIAM PROPERTY INVESTORS III, LLC., SAVCON,
LLC., ALL BOROUGHS, LLC., SAVANNA REAL ESTATE
FUND, L.P., JANY DRYWALL CORP.,

                            Defendants.

-----------------------------------------------------------------------------X

110 WILLIAM PROPERTY INVESTORS III, LLC., SAVCON,
LLC.

                            Plaintiffs,

                          -against-

HI-LUME CORPORATION

                            Defendant.

-----------------------------------------------------------------------------X

HI-LUME CORPORATION

                            Plaintiff,

                          -against-

DONNELLY MECHANICAL CORP.

                            Defendant.

-----------------------------------------------------------------------------X

INDEX NO.     151894/2020

MOTION DATE     08/29/2023,
09/11/2023

MOTION SEQ. NO.     007 008

**DECISION + ORDER ON
MOTION**

Third-Party
Index No.  595372/2020

Second Third-Party
Index No.  595622/2023

The following e-filed documents, listed by NYSCEF document number (Motion 007) 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 224, 228, 241, 242, 247, 249, 275, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 306, 308, 319, 321, 324, 325, 326, 327, 328, 329, 332

were read on this motion to/for                            JUDGMENT - SUMMARY                            .

The following e-filed documents, listed by NYSCEF document number (Motion 008) 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211,

[* 1]

212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 225, 227, 229, 243, 248, 250, 276, 292, 293, 294, 295, 296, 297, 298, 299, 300, 307, 309, 310, 320, 322, 330, 331, 333, 334

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

Upon the foregoing documents, it is

ORDERED that plaintiff's motion (MS #7) pursuant to CPLR § 3212 for partial summary judgment on his Labor Law § 240(1) cause of action as against defendants 110 William Property Investors III LLC (William), Savcon LLC (Savcon), All Boroughs LLC (All Boroughs), Savanna Real Estate Fund LP (SREF), and Jany Drywall Corp. (Jany)[1] is: (a) denied as against All Boroughs and SREF, since plaintiff did not make an argument as to these defendants (NYSCEF Doc No 170 [failing to indicate the role of these entities or why they, specifically, should be held liable]); (b) denied as against Jany, since plaintiff stated that he does not oppose dismissal of his claims as against Jany (MS #8, NYSCEF Doc No 310); and (c) granted as against William and Savcon, as plaintiff made a prima facie showing of a violation of the statute which Williams and Savcon failed to rebut by demonstrating that plaintiff's own actions—i.e., choosing to use a ladder instead of a scaffold, standing on the fifth rung of the ladder, and placing the ladder on top of debris on the floor—were the sole proximate cause of his accident (*Loaiza v Museum of Arts & Design*, 228 AD3d 511, 512 [1st Dept 2024] [the "claim that plaintiff's conduct was the sole proximate cause of his accident . . . is [] unavailing as [defendants] fail to offer any evidence that plaintiff intentionally disregarded [a] specific safety instruction"]; *Begeal v Jackson*, 197 AD3d 1418, 1420 [3rd Dept 2021] ["Although defendants [note] that plaintiff did not [] use an alternative safety device or scaffold . . . or [] clear the [debris] upon which the feet of the ladder were placed, these arguments merely raise a question as to plaintiff's comparative negligence, which will not relieve defendants from liability"]) or

---

[1] Third-party defendant/second third-party plaintiff Hi-Lume Corporation (Hi-Lume), plaintiff's employer, also filed an opposition to plaintiff's motion but plaintiff's motion does not seek relief against Hi-Lume.

**151894/2020   SEGURA-HOYOS, CARLOS vs. 110 WILLIAM PROPERTY**                    **Page 2 of 4**
 **Motion No.  007 008**

that plaintiff's credibility is at issue (NYSCEF Doc Nos 328 [asserting that "Plaintiff's credibility is in issue because his allegations are consistent with taking part in an alleged fraudulent enterprise in which various combinations of law firms, medical providers, and litigation funders have allegedly acted in concert to create the illusion of legitimate claims"], 410 [decision and order on MS #11, dated April 2, 2025, explaining why the RICO suit, in which plaintiff is not named, fails to diminish *this* plaintiff's credibility]); and it is further

ORDERED that Jany's motion (MS #8) pursuant to CPLR § 3212 for summary judgment dismissing all claims as against it is: (a) granted as to plaintiff's claims since, as mentioned *supra*, plaintiff did not oppose such dismissal; (b) granted as to Williams and Savcon's crossclaims for contractual indemnification, as neither party entered into a contract with Jany; and for common-law indemnification and contribution, as Williams and Savcon merely assert that "when there is no issue of fact as to the building owner's active culpability in the underlying accident, the owner is entitled to summary judgment on its claims for contribution and common-law indemnification against its contractors" (NYSCEF Doc No 330) and fail to specify how Jany was negligent (*Winkler v Halmar Intl., LLC*, 206 AD3d 458, 461 [1st Dept 2022] [to sustain "a claim for common-law indemnification, the one seeking indemnity must [allege] that the proposed indemnitor was guilty of some negligence that contributed to the causation of the accident"]); and (c) granted as to Hi-Lume's third-party counterclaim for contractual indemnification, as Jany only agreed to indemnify Hi-Lume against claims "arising out of or in connection with or as a result or consequence of the performance of the Work of" *Jany* and its employees (NYSCEF Doc No 211), whereas this accident arose out of the performance of plaintiff's work as an employee of Hi-Lume; denied as to its counterclaim for common law indemnification and contribution, since Jany "supplied the equipment which [allegedly] caused

the plaintiff's injuries, and therefore there are questions of fact as to whether [it] was negligent" (*McGlynn v Brooklyn Hospital-Caledonian Hosp.*, 209 AD2d 486, 486-87 [2nd Dept 1994]), even if Jany was not present onsite at the time of plaintiff's accident and did not give plaintiff permission to use its equipment; and denied as to Hi-Lume's counterclaim for breach of contract for failure to procure appropriate insurance because a determination would be premature at this stage (*Gonzalez v DOLP 205 Props. II, LLC*, 206 AD3d 468 [1st Dept 2022]).

20250620153153PGOETZD2C769A5A4284C569F8096594942136F

| 6/20/2025 | | | | | |
|-----------|---|---|---|---|---|
| **DATE** | | | | **PAUL A. GOETZ, J.S.C.** | |
| **CHECK ONE:** | ☐ CASE DISPOSED | | X NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | ☐ DENIED | X GRANTED IN PART | | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | | ☐ REFERENCE |

[* 4]